### BLAKE v. LAUDER et al.

(Supreme Court, Appellate Term. March 8, 1912.)

COURTS (§ 190*)—NEW YORK MUNICIPAL COURT—APPEAL.

> A judgment of the Municipal Court, which is opposed to the weight of evidence, will be reversed by the Appellate Term.

> [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. §§ 103, 3379½.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ernest L. Blake against George Lauder, Jr., and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

John S. Sumner, for appellant.
Billings & Peck, for respondents.

GUY, J. Plaintiff appeals from a judgment in favor of defendants, awarded by the court, acting without a jury, for $532 damages and costs.

Plaintiff alleges that on June 13, 1911, a contract was entered into between plaintiff and defendants whereby defendants employed plaintiff, at an agreed price of $50 per 1,000, to have printed and delivered to defendants' agents an edition of 10,000 copies of plaintiff's publication, known as the Stock and Bond Reporter, containing a full-page advertisement of certain devices belonging to defendants, or to a company in which defendants were largely interested, to have printed therewith, and delivered, an equal number of report slips upon which prospective investors might make written inquiry, and to reply to inquiries regarding the stock of said company in which defendants were interested, and supply defendants with the names of such inquirers; that, pursuant to said contract, plaintiff, in accordance with directions given by defendants, delivered 10,000 copies of plaintiff's publication and performed the other conditions of the said contract.

Defendants' answer denies the making of the contract alleged by plaintiff, and demands by way of counterclaim the recovery back from plaintiff of $5,000 alleged to have been paid by defendants to plaintiff under an agreement made by plaintiff to send out to prospective investors 100,000 to 110,000 copies of plaintiff's publication containing said advertisement, which contract defendants allege the plaintiff failed to perform.

It is shown by a great preponderance of evidence that the agreement alleged by defendants in their counterclaim, under which plaintiff was to send out from 100,000 to 110,000 copies of plaintiff's publication, consisted of a number of separate orders, varying in amount and aggregating 100,000 copies of plaintiff's publication, at an agreed price of $50 per 1,000, which 100,000 copies were actually sent out by plaintiff in accordance with his agreement, and that plaintiff performed substantially all the other provisions of said contract. It also is established by the evidence that the agreement upon which plaintiff sues was, as matter of fact, based upon an additional order for 10,000 copies of plaintiff's publication, given by defendants to plaintiff under the same terms and conditions as the previous contract for 100,000 copies. Plaintiff proved the delivery of the 10,000 extra copies and the substantial performance of all the conditions of the contract therefor. The judgment dismissing the complaint, and in favor of the defendants on their counterclaim, is entirely against the weight of evidence, and is, in fact, not supported by credible evidence.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.